UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EASTON AREA SCHOOL DISTRICT, : | |
| Plaintiff, : | |
| : | 2023- |
| v. : | |
| : | |
| M.G. and M.G., Parents and Natural Guardians of M.G., : | |
| a Student in the Easton Area School District : | |
| Defendants. : | |

**PETITION FOR PERMANENT INJUNCTIVE RELIEF**

Plaintiff, Easton Area School District, through its undersigned counsel, files the following Petition for Permanent Injunctive relief as a result of the failure and refusal of Defendants to comply with the Decision and Order of a Hearing Officer issued following a hearing convened under the Individuals With Disabilities Education Act, 20 U.S.C.S. Sections 1400, *et seq.*

In support of its Motion, Plaintiff avers as follows.

1. Plaintiff, Easton Area School District (District) is a local education agency created by the Pennsylvania school code with a principal place of business at 1801 Bushkill Street, Easton, Pennsylvania 18042.

2. Defendants M.G. and M.G. (Parents, or, individually as to the mother, Parent) are adults and parents and natural guardians of M.G., born in 2014 (Student) who attends school in the Easton Area School District

3. Parents and Student reside at 2580 Clark Place, Easton, Pennsylvania 18040, an address within the District.

4. Student is eligible for special education supports and services under and pursuant to the Individuals With Disabilities Education Act, 20 U.S.C. Sections 1400, *et seq.* (the IDEA).

5.  The District is mandated by the IDEA to provide students eligible under the Act a free and appropriate education in the least restrictive environment. 20 U.S.C.S. Section 1415(i)(2)(C)(iii).

6.  As provided by the IDEA, Student is eligible to attend school until she turns 21 years of age. 20 U.S.C.S. 1412(a).

7.  On October 18, 2022, District issued a Permission to Re-evaluate ("PTRE") for a Functional Behavior Assessment ("FBA") as a result of behavioral concerns observed at school. Parent did not consent to the FBA.

8.  On October 18, 2022, District issued a Permission to Re-evaluate ("PTRE") for a Functional Behavior Assessment ("FBA") and a psychological re-evaluation ("RR") as a result of behavioral concerns observed at school. Parents refused permission on January 6, 2023.

9.  As provided by the IDEA, on February 16, 2023, District filed a Due Process Complaint with the Pennsylvania Department of Education Office for Dispute Resolution seeking an Order to implement the FBA and conduct the psychological RR of Student, due to Parents' refusal to consent to said evaluations. A true and correct copy of the Complaint is attached hereto, marked as Exhibit "A" and made a part hereof.

10. While the Due Process matter was pending, the District conducted a Manifestation Determination review in early March 2023 following a disciplinary incident to determine whether the behavior at issue was or was not a function of Student's disability, as mandated by the IDEA, 20 U.S.C.S. 1415(k)(1).

11. As a result, the District issued a new PTRE on March 8, 2023, specifying ability (cognitive) and achievement assessments, rating scales (broad band, adaptive behavior and autism scales), the ADOS, a psychiatric evaluation, an FBA and observations, a review of

{01133354}

records and input from teachers and Parents to obtain information to respond appropriately to Student's issues and needs.

12. Parents again refused permission.

13. On April 1, 2023, after a single-session hearing, the Hearing Officer issued a Decision and Order (Decision and Order) providing that the District is to conduct an RR pursuant to the March, 2023 PTRE to begin no later than April 24, 2023, without consent of the Parents. The Hearing Officer further ordered that the District shall expedite completion of the RR to the extent reasonably practicable. A true and correct copy of the Decision and Order are attached hereto, marked as Exhibit "B" and made a part hereof.

14. Subsequent to receiving the Decision and Order, the District's psychologist attempted to pull Student from class in order to complete testing for the RR on three occasions: April 20, 2023, April 25, 2023, and April 27, 2023. On each occasion Student refused to leave the classroom.

15. Additionally, on April 24, 2023, a Board Certified Behavior Analyst ("BCBA") went to observe Student in her classroom for the FBA. Student chose to call her Parent to come pick her up rather than be observed by the BCBA.

16. The District also contacted Parent with dates of April 28, 2023, and May 9, 2023, for the psychiatric evaluation at which a parent is to be present. Parent refused her attendance.

17. At the Due Process Hearing, Parent testified that, while Student is eligible to graduate at the end of the 2022-2023 school year, Parent reserved the right to make a decision as to the timing of Student's graduation. *See* Decision and Order, p. 8, #29.

18. The District has been variously advised by the Parent that the Student may or may not graduate at the end of the 2022-2023 school year.

19. Plaintiffs have not appealed the Decision and Order to either state or federal court.

20. Therefore this Petition is filed for emergency relief.

21. A preliminary injunction should be issued where a moving party will suffer irreparable harm, is likely to succeed on the merits and the public interest and balance of hardships favor granting such relief. *McNeil Nutritionals, L.L.C. v. Heartland Sweeteners, L.L.C.*, 511 F.3d 350, 356-57 (3d Cir. 2007).

22. The District is mandated under the IDEA to provide appropriate supports and services to the Student. As a result it issued PTREs and went to the unusual step of filing for a due process hearing in order to ensure appropriate and current information that would inform its provision of services to the Student per its mandate.

23. Moreover, the Student has and will continue to suffer irreparable harm if the family continues to fail and refuse to follow the directive of the Decision and Order permitting the District to obtain evaluations in order to ensure provision of appropriate supports and services under the IDEA.

24. It is certainly in the public interest that parties obey the orders and decisions of hearing officers issued following due process hearings convened under the IDEA.

25. In the District's experience, Defendants failure and refusal to obey the Decision and Order are extraordinary.

26. As Pennsylvania state and federal courts have recognized, deprivation of an education produces "irreparable harm and establishes a need for prompt and immediate relief." *L.R. v. Steelton-Highspire Sch. Dist.,* No 1:10-CV-00 (M.D. Pa. Apr 468, 210 WL 1433146 at *3 (M.D. Pa. April 17, 2010.)

**WHEREFORE**, in view of the foregoing and for the reasons set forth in the accompanying Memorandum of Law incorporated herein, Plaintiff, the Easton Area School District, respectfully requests that this Honorable Court issue an order directing Defendants to make Student immediately available for testing by the District's psychologist, psychiatrist and BCBA pursuant to the Order of April 1, 2023, of the Hearing Officer.

    Respectfully submitted,

    KING SPRY HERMAN FREUND & FAUL, LLC

By _____
    Glenna M. Hazeltine, Esquire

{01133354}

CERTIFICATE OF SERVICE

The undersigned, attorney for Plaintiff, hereby certifies that a true and correct copy of the foregoing document has been electronically filed and is available for viewing and downloading from the ECF system in accordance with the local Federal Rules of Civil Procedure and has been served electronically upon the following counsel of record on this day, addressed as follows:

Frederick Stanczak, Esquire
59 Creek Drive
Doylestown, PA 18901
fstanczak@msn.com
stanczaklaw@gmail.com

By _____
Glenna M. Hazeltine, Esquire
Attorney ID 40403
Attorneys for Plaintiff, Easton Area
School District

Date:  May 2, 2023

{01133852}